MONACO, J.
The appellant, Louis Reed, raises a single issue in this appeal from his judgment and sentence for aggravated battery and aggravated assault. He asks us to consider whether the trial court erred in admitting into evidence a photographic lineup. He argues that the photographs contained in the lineup were unduly sug *504 gestive, and seeks a new trial. We review the rulings of a trial court using an abuse of discretion standard. See San Martin v. State, 717 So.2d 462 (Fla.1998), cert. denied, 526 U.S. 1071, 119 S.Ct. 1468, 143 L.Ed.2d 553 (1999). Because we conclude that the trial judge did not abuse his discretion in admitting this evidence, we affirm.
The test for suppression of an out-of-court identification is two-fold: (1) whether the police used an unnecessarily suggestive procedure to obtain the out-of-court identification; and (2) if so, considering all of the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. See Rimmer v. State, 825 So.2d 304, 315 (Fla.), cert. denied, 537 U.S. 1034, 123 S.Ct. 567, 154 L.Ed.2d 453 (2002); Thomas v. State, 748 So.2d 970, 981 (Fla. 1999); Green v. State, 641 So.2d 391, 394 (Fla.1994), cert. denied, 513 U.S. 1159, 115 S.Ct. 1120, 130 L.Ed.2d 1083 (1995); Grant v. State, 390 So.2d 341, 343 (Fla.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981). Among the factors to be considered in evaluating the likelihood of misidentification are:
The opportunity of the witness to view the criminal at the time of the crime, the witnesses’ degree of attention, the accuracy of the witnesses’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
Grant, 390 So.2d at 343.
 Here, Mr. Reed argues that although all of the persons shown in the photographic lineup are' wearing glasses, his glasses are larger and thicker. First, we find nothing unusually suggestive in the photographs. Moreover, there was little possibility of irreparable misidentification because the victims were in close contact with Mr. Reed for an extended period of time prior to the assault and battery, both victims conversed with Mr. Reed, and both victims made positive in-court identifications of him. We conclude that there was no abuse of discretion in the admission of the lineup.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.